This accelerated appeal comes to us from a judgment issued by the Erie County Court of Common Pleas. Appellant, Chris Pinkman, appeals his sentence after entering guilty pleas to burglary, a third degree felony, and aggravated assault, a fourth degree felony. Appellant asserts that his concurrent four year and eighteen month sentences were the result of a misapplication of Ohio's statutory sentencing standards.
Appellant argues that, pursuant to R.C. 2929.14, absent a finding on the record that imposition of the shortest prison sentence available would, "* * * demean the seriousness of the offender's conduct or will not adequately protect the public from future crime * * *," the court must enter the shortest statutorily permissible sentence. For a third degree felony, this would be a one year sentence. Appellant maintains the court failed to make the requisite finding for sentencing appellant to more than the minimum term.
The trial court's sentencing entry contains a finding that, "* * * minimum sentenc[ing] would demean the seriousness of the offenses and fail to adequately protect the public." Additionally, the court, during the sentencing hearing, orally noted that, although appellant has never been incarcerated, he has been on probation five times. Further, the court observed that appellant's offense was "very violent" (the victim required fifteen stitches) and the victim was fifty-nine years old. The court did not specifically so state, but a substantial portion of the sentencing hearing also involved appellant's continued substance abuse. All of these are statutory factors of consideration under R.C. 2929.12 or R.C. 2929.13 indicating that appellant was not amenable to community controls and that a minimum sentence would demean his offenses.
Consequently, the trial court's findings were procedurally proper and the court did not err in imposing its sentence. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. --------------------------- JUDGE
James R. Sherck, J. --------------------------- JUDGE
Richard W. Knepper, J. CONCUR. --------------------------- JUDGE
The case was subsequently transferred to the general division of the municipal court and proceeded to a bench trial on May 11, 1998. On June 18, 1998, the court filed a judgment entry awarding appellees $763.20 and costs. Specifically, the court determined that the exhaust system had not been installed correctly and had not been installed in a workmanlike manner. From that judgment, appellant filed a notice of appeal pro se.
App. R. 16(A) sets forth the requirements of an appellant's brief and reads:
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"(1) A table of contents, with page references.
 "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 "(3) A statement of the assignments of error presented for review, with references to the place in the record where each error is reflected.
 "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 "(8) A conclusion briefly stated the precise relief sought."
Appellant's brief fails to comply with nearly every requirement of App. R. 16(A). In particular, we note that he has failed to state any assignments of error. Appellant does appear to argue, however, that the judgment is against the manifest weight of the evidence. Accordingly, in the interest of justice, we will review the case pursuant to that standard.
In cases asserting that a trial court judgment is against the manifest weight of the evidence, the standard of review on appeal is that of deference to the decision of the trier of fact. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Furthermore, it is well settled that:
 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus.
Upon review of the record in this case, we find that the trial court's decision was supported by competent, credible evidence.
Addressing other concerns raised by appellant in his brief, we further find that the judge did not demonstrate prejudice against appellant and that the judgment is not contrary to law. Appellant's arguments are therefore not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Fremont Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J. --------------------------- JUDGE
Richard W. Knepper, J. --------------------------- JUDGE
John R. Milligan, J. CONCUR. --------------------------- JUDGE
Judge John W. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.